## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES RILEY,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-305**     (Fam. Ct. Jefferson Cnty. Case No. FC-19-2019-D-59)

**REBEKAH RILEY,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Charles Riley ("Husband") appeals the Family Court of Jefferson County's June 29, 2025, Final Order on Motion for Reconsideration that directed the parties to evenly divide the proceeds from the sale of their former marital home. Respondent Rebekah Riley ("Wife") responded in support of the family court's decision.[1] Husband filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the family court's order and remanding the matter for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

Husband and Wife were married in 2002 and were divorced by final order entered on October 10, 2019. No children were born of the marriage. Both parties were represented by counsel during the divorce proceedings. Relevant to this appeal, the final divorce order stated as follows:

- By August 1, 2021, the Respondent/Wife shall vacate the former marital home if the Petitioner/Husband has refinanced the lien indebtedness on the former marital home or if he has not refinanced the debt by that time the Respondent/Wife may continue to reside in the former marital home until the property is sold in accordance with the terms recommended by the realtor.

- The Petitioner/Husband shall have a period of six (6) months from the date of this hearing to refinance the lien indebtedness on the former marital home to remove the Respondent/Wife therefrom. Upon Petitioner/Husband's

---

[1] Husband is self-represented. Wife is represented by Cinda L. Scales, Esq.

refinance of the lien indebtedness on the former marital home, he shall pay to the Respondent/Wife the sum of $40,829.00 to equalize equitable distribution. If the Petitioner/Husband fails to refinance the lien indebtedness on the former marital home within that time, then at the end of the two year term of Respondent/Wife's use of the home, the former marital home shall be listed for sale with the parties following the recommendation of the realtor and the parties shall equally split the net proceeds or deficiencies from the sale of the said property. Petitioner/Husband shall continue with the mortgage obligation as set forth above.

- After the two-year period of Respondent/Wife's use of the former marital home and after she vacates the home, the Petitioner/Husband shall pay spousal support to the Respondent/Wife in the amount of $625.00 per month commencing on August 1, 2021, and continuing on the first day of each month thereafter. Spousal support shall terminate upon the death of either party or Respondent/Wife's remarriage.

Wife did not move out of the marital home by August 1, 2021, but she set up an account to receive spousal support through the Bureau for Child Support Enforcement ("BCSE") sometime in 2021. The BCSE then created an account holding Husband responsible for spousal support as of August 2021, causing $625 to be withheld from his social security benefit beginning in January 2022. The BCSE also charged Husband with an arrearage and assessed interest penalties for unpaid spousal support.

In early 2023, Husband filed a petition for contempt against Wife for continuing to reside in the marital home while collecting spousal support. The family court held a hearing on Husband's contempt petition on April 5, 2023. At that hearing, Wife testified that she had not received any spousal support from the BCSE. By order entered on April 6, 2023, the family court ordered the BCSE to return all monies to Husband within twenty-four hours, remove all interest and penalties, make his balance $0 dollars, and to notify the Social Security Administration to stop withholding spousal support from his monthly benefit.

Shortly thereafter, Husband filed a second petition for contempt against Wife. The family court held a hearing on the second petition for contempt on June 8, 2023. At that hearing, Wife again testified that she had not moved out of the marital home. Husband informed the court that he had filed bankruptcy and that he had obtained a home equity loan on the marital home. The family court ordered Husband to consult with his bankruptcy attorney, and ordered the parties to negotiate an amount for Husband to buy out Wife's share of the marital home. If they could not reach an agreement, the court ordered the parties to sell the home. By order dated August 7, 2023, the court ordered Wife to vacate the home by August 7, 2023, with Husband's spousal support obligation to commence on September 1, 2023. The court further ordered that the party paying for any repairs would

2

be reimbursed from the sale proceeds. The issue regarding spousal support funds that the BCSE mistakenly withheld from Husband was not resolved at the time of the hearing.

Husband filed a third petition for contempt against Wife, which came for a hearing on October 10, 2023. At the time of that hearing, Wife had vacated the marital home but testified that she still had not received spousal support. The family court entered its order from this hearing on November 1, 2023, holding that Husband be given credit for the sale of the marital home and for all sums the BCSE previously withheld from his income in error and distributed to Wife's BCSE account.

On November 4, 2024, Husband filed a motion for clarification of the 2019 final divorce order. The family court conducted a hearing on his motion on January 28, 2025. By order entered February 4, 2025, with a new presiding judge, the court clarified that the 2019 final order directed the parties to equally split the net proceeds from the sale of the marital home. Husband's counsel advised the court that $37,691 was held in escrow from the sale. The court ordered these funds be split evenly between the parties within ten days of the hearing.

On March 5, 2025, Wife filed a motion for reconsideration of the February 4, 2025, order. She argued that, because both parties' counsel had been relieved and removed from the e-filing system, neither Wife's counsel nor Wife received notice of Husband's November 4, 2024, motion for clarification and that the former family court judge had set the matter for a hearing without Wife receiving notice.

The family court held a hearing on Wife's motion for reconsideration on June 18, 2025. The court found that, due to Wife's failure to update her address information with the court, neither Wife nor her counsel had been served with Husband's November 4, 2024, motion for clarification or the order setting the January 28, 2025, hearing. The court heard testimony and arguments concerning the disputed distribution of the proceeds from the sale of the property, but concluded in its June 29, 2025, order that "those issues are moot" and that for "the sake of judicial economy" the court would "override all arguments" and declare that as "a full resolution to all outstanding issues . . . the proceeds will be equally divided between the parties." The family court further found that Husband had paid Wife $7,318.04 on February 7, 2025, and another $3,402.50 at the hearing on June 18, 2025. Husband was ordered to pay Wife the remaining $8,124.96 within ten days, which would fulfill her half of the $37,691.07 for equitable distribution. The family court's order stated that the court was "not relitigating all of the issues in this case. This is a final one-time payment and the issues concerning any argument that the equal division of proceeds is not appropriate or an overpayment are considered moot or denied." It is from this June 29, 2025, order that Husband now appeals.

For these matters, we apply the following standard of review:

3

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband raises three assignments of error. First, he asserts that the family court abused its discretion by failing to consider the court's prior orders entered by the earlier presiding judge and by declining to award Husband $8,125 from the home's sale proceeds as reimbursement for spousal support payments the BCSE withheld from his social security. Second, Husband argues that the family court abused its discretion by failing to award him $6,805 in reimbursements for home repairs as directed in the court's earlier orders. Third, Husband contends that the family court abused its discretion by requiring him to return fifty percent of the cost of repairs to the home to Wife during the June 18, 2025, hearing.

Upon review, we are not able to address Husband's assignments of error because the family court's order failed to include sufficient analysis regarding whether he has been reimbursed by the BCSE for any spousal support it erroneously withheld or whether Husband has been reimbursed for the cost of repairs to the home.[2] It is unclear what Husband is owed, if anything.

The Supreme Court of Appeals of West Virginia has previously remanded insufficient orders finding that:

to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); see also *Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and

---

[2] The briefs on appeal do not provide clarity on these issues, as Husband stated in his brief that he has "been made whole for the cost of repair and the erroneously garnished social security payments by a separate reimbursement check of $14,930."

remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 363-64, 745 S.E.2d 250, 254-55 (2013).

Here, the family court summarily concluded that the parties' arguments regarding the division of the proceeds from the sale of the former marital home were "moot" and that it was "overriding all arguments" for the sake of judicial economy, but did not articulate the basis for those conclusions. Moreover, the order on appeal fails to sufficiently acknowledge and analyze the effect, if any, of the family court's prior contempt orders. Therefore, we vacate the order and remand this matter with directions for the family court to conduct a new hearing. The court shall give effect to each of the court's prior orders regarding spousal support and reimbursement for home repairs, unless it specifically sets forth why the prior order should not be given effect and provides its reasoning, determine whether Husband is owed any additional reimbursement, and enter a new order sufficient for appellate review addressing those matters.

Accordingly, we vacate the family court's June 29, 2025, order and remand the matter to the Family Court of Jefferson County for further proceedings consistent with this decision. The Clerk of this Court is hereby directed to issue the mandate contemporaneously herewith.

Vacated and Remanded, with Directions.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White